```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


ALFREDA JOHNSON,                      )
                                      )
         Debtor/Appellant,            )
                                      )
     vs.                              )   No. 4:04CV1555-DJS
                                      )
WELLS FARGO BANK MINNESOTA, N.A.      )
as Trustee, by Chase Manhattan        )
Mortgage Corp. (CA), Loan             )
Servicing Agent for Wells Fargo,      )
                                      )
         Appellee.                    )
--------------------------------------    On Appeal From
                                      )
In re                                 )
                                      )   Case No. 04-53941-399
ALFREDA JOHNSON,                      )
                                      )   Chapter 13
         Debtor.                      )
```

## MEMORANDUM OPINION

Debtor/appellant Alfreda Johnson appeals the bankruptcy court's November 8, 2004 order dismissing her case, granting Wells Fargo Bank relief from the automatic bankruptcy stay, and expressly permitting the foreclosure sale of debtor's property at 3339 Werder Drive in Bel-Ridge, Missouri, as scheduled for noon on November 11, 2004. Although the foreclosure sale reportedly occurred, the Court rejects appellee Wells Fargo's argument that the appeal is moot, because Wells Fargo was the purchaser of the property. The general rule is that a debtor's failure to obtain a stay on appeal renders an appeal moot after assets in which the creditor had an interest are sold. In re Sun Valley Ranches, Inc., 823 F.2d 1373, 1374 (9th Cir.

1987). However an exception applies where, as here, "real property is sold to a creditor who is a party to the appeal." Id. at 1375.

Turning to the merits of the appeal, "[w]hen a district court reviews a bankruptcy court's judgment, it acts as an appellate court." Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir. 1987). "As with most appellate proceedings, the district court may review the bankruptcy court's legal conclusions *de novo*, but the bankruptcy court's findings of fact shall not be set aside unless clearly erroneous." Id.(citing Bankr.R. 8013).

Debtor/appellant Johnson filed her Chapter 13 petition on November 1, 2004, with a foreclosure sale set for November 4, 2004. Earlier that year, Johnson had filed a bankruptcy case on July 13 with a foreclosure sale set for July 15. That earlier case was dismissed on September 10, 2004 for Johnson's failure to make plan payments.[1] On November 5, Chase Manhattan, loan servicing agent for appellee Wells Fargo Bank, filed a motion for relief from the stay to permit the foreclosure sale to go forward on November 11. The bankruptcy court held a hearing on November 8, at which Johnson was represented by counsel. The bankruptcy judge inquired of Johnson's counsel what circumstances had changed between the September 10 dismissal and the November 1 filing. The only relevant circumstance

---

[1] Debtor also had a Chapter 13 case filed in 1994 and dismissed in 1996 for failure to make plan payments, as well as a Chapter 7 case in which she received a discharge in 2001.

2

identified was Johnson's proposed wage order to permit payment of the mortgage directly from Johnson's retirement benefits.

The bankruptcy court found that changed circumstance inadequate to overcome his conclusion that the second case, filed so soon after the earlier dismissal and with the clear intent to stave off foreclosure, was a bad faith filing and therefore subject to dismissal. This rationale is expressed in the transcript of the hearing [Doc. #8, p.4] and in the Supplemental Order Granting Motion to Dismiss [Doc. #7.1, pp.1-2]. The bankruptcy court further granted Wells Fargo Bank relief from the automatic stay of 11 U.S.C. §362, ordering that the stay was annulled and Wells Fargo was permitted to conduct the foreclosure sale as scheduled on November 11 [Doc. #2.2, p.2]. Johnson argues on appeal that the bankruptcy court erred in annulling the automatic stay and dismissing the bankruptcy case.

It is well established that bad faith constitutes "cause" for dismissal under 11 U.S.C. §1307(c), and that a bankruptcy court may dismiss a Chapter 13 filing it determines to have been made in bad faith. In re Banks, 267 F.3d 875, 876 (8th Cir. 2001); In re Alt, 305 F.3d 413, 418 (6th Cir. 2002); In re Leavitt, 171 F.3d 1219, 1223-24 (9th Cir. 1999). On appeal, the factual determination of bad faith is reviewed for clear error and the determination to dismiss a case is reviewed for abuse of discretion. In re Cedar Shore Resort, Inc., 235 F.3d 375, 379 (8th Cir. 2000); Leavitt, 171 F.3d at 1222-23. A finding of bad faith is to involve consideration of the "totality of circumstances." In re Bell, 125 Fed.Appx. 54, 57

(7th Cir. 2005); Leavitt, 171 F.3d at 1224; Alt, 305 F.3d at 419; In re Molitor, 76 F.3d 218, 220 (8th Cir. 1996).

Among the circumstances which courts have cited to support a finding of bad faith are unfair manipulation of the bankruptcy code, the timing of the petition, the motive in filing, the frequency with which the debtor has sought bankruptcy relief, and otherwise filing a Chapter 13 petition in an inequitable manner. In Molitor, the bad faith determination was based in part on an insufficient justification for multiple filings, and the fact that the most recent filing took place on the eve of eviction. Id. at 221. The Eighth Circuit affirmed the bankruptcy court's characterization of these filings as inappropriate delay tactics. Id. Similarly, in Bell, the Seventh Circuit affirmed dismissal of a Chapter 13 petition as filed in bad faith where the debtors' multiple petitions were found to have been filed solely to impede a foreclosure sale. Bell, 125 Fed.Appx. at 57.

Upon careful consideration of the appellate record and in view of these precedents, the Court concludes that the bankruptcy court should be affirmed. The bankruptcy judge's determination that Ms. Johnson's filing was in bad faith was not clearly erroneous, and his decision to dismiss her Chapter 13 case was not an abuse of discretion. Ms. Johnson's serial filings in 2004 on the eve of foreclosure sales suggest a purpose of thwarting such sales, and the changed circumstance offered to justify the refiling was insufficient to support a conclusion of good faith. Neither does the Court find

4

that the bankruptcy court's annulment of the automatic stay was in error or an abuse of discretion.

The Court also rejects debtor's arguments concerning the expedited hearing the bankruptcy court afforded on Chase Manhattan's motion for relief from the stay. The motion was filed on Friday and heard on Monday. The day of the hearing debtor filed a written response to the motion. The hearing transcript shows that debtor's counsel objected that the matter did not justify an "emergency" hearing, but did not contend she had inadequate notice of the motion or hearing. In the particular circumstances of a filing on the eve of foreclosure, and not for the first time, the notice of the issues and the setting of the hearing were adequate and appropriate.

For all the foregoing reasons, the bankruptcy court's orders dismissing debtor's Chapter 13 case and granting Wells Fargo Bank relief from and annulling the automatic stay are affirmed.

Dated this ___29th___ day of June, 2005.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE